# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOSHIBA INTERNATIONAL CORPORATION, <br>     Plaintiff, <br><br> VS. <br><br> PABLO D'AGOSTINO, an individual, SUDHAKAR KALAGA, an individual, PD RENTALS, LLC, KIT CONSTRUCTION SERVICES, INC., KIT PROFESSIONALS, INC., SKBP VENTURES, LLC, and SVSRK ENTERPRISES, LLC, | § § § § § § § § § § § § § § § § | CIVIL NO. 4:19-CV-04274 <br> **JURY DEMANDED** |

**AGREED CONFIDENTIALITY AND PROTECTIVE ORDER**

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

    **1.    Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential" or "Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

    **2.    Qualified Persons**

"Qualified Persons" means:

a.    For Attorneys Only information:

    i.    retained counsel for the parties in this litigation and their respective staff;

    ii.    actual or potential independent experts, investigators, or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

    iii.    this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

    iv.    Attorneys Only information may not be disclosed to any actual or potential competitor(s) of any party or parties absent prior express written agreement between counsel specifically identifying the information to be disclosed, the purpose, and the identity of the proposed third-party recipient.

b.    For Confidential information:

    i.    the persons identified in subparagraph 2(a);

    ii.    the party, if a natural person;

    iii.    if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

    iv.    litigation vendors, court reporters, and other litigation support personnel;

    v.    any person who was an author or addressee of the Confidential information and who have signed a document agreeing to be bound by the terms of this Protective Order, provided that such persons may see and use the Confidential Information but not retain a copy.

c.    Such other person as this Court may designate after notice and an opportunity to be heard.

**3.**    **Designation Criteria**

a.    *Nonclassified Information.  Classified Information shall not include information that either:*

    i.  is in the public domain at the time of disclosure, as evidenced by a written document;

    ii.  becomes part of the public domain through no fault of the recipient, as evidenced by a written document; or

    iii.  the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure.

  b.  *Classified Information.* A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

  Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

  c.  *For Attorneys Only.* The designation "Attorneys Eyes Only" shall be reserved for highly-sensitive and or proprietary information, the disclosure of which, even limited to the restrictions placed on the information designated as "Confidential" under this Order, could compromise and/or jeopardize the producing party's personal, financial, and/or competitive business interests. For purposes of this Order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

**4.     Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in strict accordance with the terms hereof.

**5.     Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential" or "Attorneys Eyes Only."   In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided.   Originals shall be preserved for inspection.

**6.     Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys Eyes Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter.  Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control.  All deposition transcripts shall be treated as "Attorneys Eyes Only" for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a

non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

### 7. Disclosure to Qualified Persons

a. *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; **provided, however**, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing or designating party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as Attorneys Eyes Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b. *Retention of Copies During this Litigation.* Copies of Attorneys Eyes Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

## 8. Unintentional Disclosures

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Classified Information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

If a producing party unintentionally produces a document that the producing party has a good faith basis to believe is privileged under the attorney-client or other privilege, or protected from discovery as work product (the "Privileged Material"), the producing party may request the return of the Privileged Material that was inadvertently disclosed.  Upon receipt of such a request, the receiving party shall (a) promptly return or destroy the original and all copies of the Privileged Material, (b) destroy all summaries, notes, memoranda or other documents (or portions thereof) referring to or reflecting the contents of such Privileged Material, and (c) not use such documents containing Privileged Material for any purpose absent further order of the Court.  The parties agree that inadvertent disclosure of Privileged Material shall not waive, in whole or part, the party's claim of privilege as to the Privileged Material.

## 9. Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as Attorneys Eyes Only during inspection.  At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential" or "Attorneys Eyes Only" by the producing party.

**10.     Consent to Disclosure and Use in Examination**

Nothing in this Order shall prevent disclosure beyond the terms of this Order if each party designating the information as Classified Information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this Order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information. Additionally, Classified Information may be disclosed to potential witnesses in accordance in with paragraph 2, set forth above, and only to potential witnesses: (1) who have signed a document agreeing to be bound by the terms of this Protective Order; (2) to whom disclosure is reasonably necessary for the purpose of preparation, trial, or appeal of this litigation and for no other purpose and, (3) to whom counsel in good faith believes has knowledge or awareness of the specific matters set forth in the Classified Information, but only as to the specific matter in which such person is referenced, discussed, mentioned, or reasonably thought to have specific knowledge.

**11.     Challenging the Designation**

a.     *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the Court orders otherwise.

Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

  b. *Qualified Persons.*  In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party shall have 14 days from the date of notice of the objection to move the Court for an order denying the person (a) status as a Qualified Person, or (b) access to particular Classified Information.  The objecting party shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm.  Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the Court enters an order preserving the designation.

  **12.** **Manner of Use in Proceedings**

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the Court consistent with the sealing requirements of the Court.  The party filing under seal shall bear no burden of demonstrating that any materials designated Classified Information by another party should remain under seal.  Nothing in this Order shall be deemed to restrict any producing party from using its own documents, materials, information, or its own Classified Information for any purpose.

**13. Filing Under Seal**

The clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court.

**14. Return of Documents**

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

**15. Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

**16. Advice to Clients**

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in

a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

**17. Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

**18. Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

**19. Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

It is SO ORDERED this ____ day of _____, 20____.

_____
UNITED STATES DISTRICT JUDGE