# Exhibit C

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOSHIBA INTERNATIONAL CORPORATION, | § § § | |
| PLAINTIFF, | § § | |
| v. | § § | |
| | § | No. 4:19-cv-04274 |
| SUDHAKAR KALAGA, an individual, VIJAYAGOWRI "JAYA" KALAGA, an individual, KIT CONSTRUCTION SERVICES, INC., KIT PROFESSIONALS, INC., SKBP VENTURES, LLC, SVSRK ENTERPRISES, LLC, RUDOLPH CULP, as independent administrator of the ESTATE OF PABLO D'AGOSTINO, PD RENTALS, LLC, JANUARY 22 1992, LLC, VINOD VEMPARALA, an individual, V2V SOLUTIONS, LLC, CHETAN VYAS, an individual, ABRAHAM JOSEPH, an individual, and ONEPOINT, INC., | § § § § § § § § § § § § § § § § § § § | JURY TRIAL DEMANDED |
| DEFENDANTS. | § | |

ONEPOINT, INC.'S OBJECTIONS AND RESPONSES TO TOSHIBA
INTERNATIONAL CORPORATION'S NOTICE OF RULE 30(b)(6)
DEPOSITION OF DEFENDANT ONEPOINT, INC.

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendant, OnePoint, Inc. ("OnePoint") submits the following objections and responses to Plaintiff Toshiba International Corporation's ("TIC's") Notice of Rule 30(b)(6) Deposition of Defendant Onepoint, Inc.

**GENERAL OBJECTIONS**

1.      OnePoint objects to November 20, 2020 as the date of the deposition and will confer with counsel for TIC on a mutually acceptable date.  At this point, OnePoint's anticipated corporate representative is available on December 16, 2020 at 10 a.m. at the offices of Daniels & Tredennick, PLLC, 6363 Woodway Drive, Suite 700, Houston, Texas 77057.

2.      OnePoint objects to the "Relevant Period" for the topics set forth in TIC's deposition notice as January 1, 2007 through the date of the deposition.  As defined, TIC's "Relevant Period" is overly broad and unduly burdensome, as it would purport to concern information that is nearly 13 years old.  Any testimony prior to 2016 would concern information that is outside of the statute of limitations for the claims brought in this lawsuit.

3.      TIC set forth 50 topics in its deposition notice that it expects to cover at the deposition. OnePoint objects to each Topic to the extent it imposes an obligation, duty, or burden greater or different than those imposed by the applicable Federal Rules of Civil Procedure.

4.      OnePoint objects to each Topic to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege or any other applicable privilege, protection, immunity, or rule (collectively, "Privileged Information").  OnePoint will not disclose any Privileged Information in response to any proposed Topic or question posed during the deposition.  OnePoint does not intend by these Objections and Responses to waive any claim of privilege or immunity.  Any inadvertent disclosure of such material or information is not intended to be, and shall not, constitute a general or specific waiver in whole or in part of those privileges or protections as to material or information inadvertently disclosed or the subject matter thereof.  Nor is any inadvertent disclosure intended to, nor shall it, constitute a waiver of the right to object to any use of such document or information.

5.      OnePoint objects to each Topic to the extent it calls for speculation, a legal conclusion,

or to the extent a Topic contains express or implied assumptions of fact or law with respect to the matters at issue in the case. OnePoint's responses or agreement to make a witness available on any given Topic is not intended to be, and shall not be construed as, an agreement or concurrence by OnePoint with TIC's characterization of any facts, circumstances, or legal obligations. OnePoint reserves the right to contest any such characterization.

6. OnePoint objects to each Topic to the extent it would require expert testimony from a lay witness.

7. OnePoint objects to each Topic to the extent that it is duplicative and/or cumulative of other discovery, including, without limitations, Plaintiff's interrogatories, requests for admission, and requests for production.

8. OnePoint objects to each Topic to the extent that it is overly broad, unduly burdensome, and oppressive with respect to the requested information. The topics cover a vast amount of information that no reasonable deponents, no matter how well-prepared, could be expected to address fully and completely. The scope, preparation, and information Plaintiff purports to require pursuant to the Notice is, therefore, overbroad, unreasonable, unduly burdensome, and not proportionate to the needs of the case. Additionally, Plaintiff's Topics cover a timespan of approximately thirteen years. Covering this much information over the course of one deposition is unduly onerous, burdensome, and impracticable.

9. OnePoint objects to each Topic to the extent it calls for information that is not relevant to a claim or defense asserted in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. Nothing herein shall be construed as an agreement by OnePoint as to the admissibility or relevance of any Topic set forth in TIC's Notice.

10. OnePoint objects to each Topic to the extent it seeks information not known or

reasonably accessible to OnePoint.

11.     Discovery is ongoing.   OnePoint's objections and responses, as well as the Witness's knowledge and testimony at the deposition, are made based on the information presently known to OnePoint.  As stated, TIC's is seeking an extremely cumbersome amount of information the spans over the course of approximately 13 years.  No reasonable Witness can completely and fully recount all such information.  As such, OnePoint's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit OnePoint's use of any additional evidence that may be developed.

12.     OnePoint objects to each Topic to the extent it seeks information or testimony regarding occurrences that took place prior to 2016 because that information is outside of the statute of limitations for the claims brought in this lawsuit.

13.     OnePoint incorporates each of the foregoing General Objections into each of OnePoint's specific responses.  To the extent any specific objections are set forth in responding to a particular Topic, those specific objections are not to be construed as a waiver or limitation of any General Objection applicable to such Topic.

**OBJECTIONS AND RESPONSES TO TIC'S DEPOSITION TOPICS**

**TOPIC NO. 1:**    OnePoint placing TIC's Facilities Manager, Pablo D'Agostino, on OnePoint's payroll and providing him with W-2s reflecting payments of $24,084 in 2007 and $66,453 in 2008.

> **OBJECTION:**    OnePoint objects to this topic as vague, ambiguous, and argumentative because it fails to define the phrase "placing . . . on OnePoint's payroll." OnePoint further objects to this Topic as overly broad and unduly burdensome to the extent it seeks information concerning events that occurring outside of the applicable statute of limitations.

> **RESPONSE:**    Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on "W-2's reflecting payments of $24,084 in 2007 and $66,453 in 2008," if any.

**TOPIC NO. 2:**    All work performed by Pablo D'Agostino for OnePoint as an employee and/or contractor and all payments made to him, his friends, or family members on his behalf.

> **OBJECTION:**    OnePoint objects to this topic as overly broad, vague, and ambiguous because it fails to define "employee and/or contractor" and "payments made to him, his friends, or family members on his behalf." OnePoint further objects to this topic to the extent it seeks information concerning events occurring outside of the applicable statute of limitations.

> **RESPONSE:**    Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic as understood.

**TOPIC NO. 3:**    Each instance in which OnePoint gave Pablo D'Agostino, Melissa D'Agostino, and/or Ashley Tucker anything of value, including cars, trucks, cash, vacations, free construction or maintenance work such as painting at a residence owned by them, jewelry, shoes, clothing, payment of personal expenses, and payment of Home Depot expenses.

> **OBJECTION:**    OnePoint objects to this topic as overly broad, vague, and ambiguous because it fails to define "anything of value," "free construction," and "maintenance work." OnePoint further objects to this topic to the extent it seeks information concerning events occurring outside of the applicable statute of limitations. OnePoint further objects to this topic because it is a compound request.

> **RESPONSE:** Subject to, and without waiving the foregoing Objections, OnePoint

will make one or more representatives available to testify on the gifts, if any, OnePoint gave to Pablo D'Agostino, Melissa D'Agostino, and/or Ashley Tucker.

**TOPIC NO. 4:** The specific details about the payments, trips, credit cards, and cash provided by OnePoint to Pablo D'Agostino as described in Response No. 3 of OnePoint's Supplemental Responses to TIC's First Set of Interrogatories.

> **OBJECTION:** OnePoint objects to this topic as cumulative and harassing because, as it set forth in Response No. 3, OnePoint averred that "no gifts were ever made to Melissa D'Agostino or Ashley Tucker." OnePoint further objects to this topic as overly broad, vague, and ambiguous because it seeks information concerning events occurring outside of the applicable statute of limitations.

> **RESPONSE:** Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify regarding the specific details of Response No. 3 of OnePoint's Supplemental Responses to TIC's First Set of Interrogatories.

**TOPIC NO. 5:** The transfer of a 2009 Ford F250 truck from OnePoint to Pablo D'Agostino as described in Response No. 4 of OnePoint's Supplemental Responses to TIC's First Set of Interrogatories.

> **OBJECTION:** OnePoint objects to this topic as cumulative and harassing because, as set forth in Response No. 4, OnePoint described the details of the purported transfer that is the subject of this topic. OnePoint further objects to this topic because it is overly broad and unduly burdensome because it seeks information concerning events that occurred outside of the applicable statute of limitations.

> **RESPONSE:** Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify regarding Response No. 4 of OnePoint's Supplemental Responses to TIC's First Set of Interrogatories.

**TOPIC NO. 6:** The creation and submission of bids to TIC by OnePoint, Abraham Joseph, and/or OnePoint's employees in the names of companies other than OnePoint, including Millenium Performance, The Atkins Group, and A&A Premier Builders, as identified in Response No. 5 of OnePoint's Supplemental Responses to TIC's First Set of Interrogatories and as alleged in Paragraph 39 of TIC's Amended Complaint.

**OBJECTION:**        OnePoint objects to this topic as vague and ambiguous as the terms "creation and submission of bids" are not defined.  OnePoint further objects to this topic as overbroad and unduly burdensome because it seeks information concerning events that occurred outside the applicable statute of limitations.

**RESPONSE:**        Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on the OnePoint bids identified in Response No. 5 of OnePoint's Supplemental Responses to TIC's First Set of Interrogatories and Paragraph 39 of TIC's Amended Complaint.

**TOPIC NO. 7:**        The number of bids created by OnePoint and/or Abraham Joseph and submitted to TIC in the names of companies other than OnePoint, including the name of Millenium Performance, The Atkins Group, and A&A Premier Builders.

**OBJECTION:**        OnePoint objects to this topic as unduly burdensome and harassing because it seeks information that is equally available to Plaintiff and is cumulative of other discovery requests.  OnePoint further objects to this topic as overly broad and unduly burdensome because it seeks information outside of the applicable statute of limitations.

**RESPONSE:**        Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic.

**TOPIC NO. 8:**        The method by which OnePoint typically submitted bids in its own name and in the name of other companies and the method by which OnePoint received its payments from TIC, including whether the U.S. mails, FedEx, UPS, or other similar services were used.

**OBJECTION:**        OnePoint objects to this topic as vague, overly broad, and seeking material that is not relevant or responsive.  OnePoint further objects to this topic as overly broad and unduly burdensome because it seeks information outside the applicable statute of limitations.

**RESPONSE**:        Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic.

**TOPIC NO. 9:**        Coordination with Pablo D'Agostino regarding the submission of bids by OnePoint on behalf of itself and other companies, including Millenium Performance, The Atkins Group, and A&A Premier Builders.

**OBJECTION:**        OnePoint objects to this topic as vague, ambiguous, argumentative, and assuming facts not in evidence because "coordination" is not

defined.  OnePoint further objects to this topic because it is overly broad and unduly burdensome as it seeks information outside of the applicable statute of limitations.

**RESPONSE:**          Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic.

**TOPIC NO. 10:**          Coordination between OnePoint, Abraham Joseph, Pablo D'Agostino,

Sudhakar Kalaga, Chetan Vyas, and/or Vinod Vemparala regarding the submission of bids to TIC.

**OBJECTION:**          OnePoint objects to this topic as vague, ambiguous, argumentative, and assuming facts not in evidence because "coordination" is not defined.  OnePoint further objects to this topic because it is overly broad and unduly burdensome as it seeks information outside of the applicable statute of limitations.

**RESPONSE:**          Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic.

**TOPIC NO. 11:**          Communications regarding bids to TIC between any OnePoint officer

or employee other than Abraham Joseph and Pablo D'Agostino, Vinod Vemparala, Sudhakar Kalaga,

and/or Chetan Vyas.

**OBJECTION:**          OnePoint objects to this topic as overbroad as it seeks information outside of the applicable statute of limitations.  OnePoint, Inc. further objects to this topic as vague and ambiguous.  OnePoint further objects to this topic because it is cumulative of other discovery requests.

**RESPONSE**:          Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic.

**TOPIC NO. 12:**          Abraham Joseph's interview at TIC in December 2019, including the

statements made by Mr. Joseph during the interview.

**OBJECTION:**          OnePoint objects to this topic as improper for a Rule 30(b)(6) deposition because it does not seek testimony of the knowledge of OnePoint, but rather the perceptions and knowledge of various individuals.  OnePoint further objects to this topic because it is cumulative and harassing.  OnePoint further objects to this topic to the extent it seeks information protected by the attorney-client communication and work product privileges.

**RESPONSE**:          Subject to, and without waiving the foregoing Objections, one point will not present a witness on this topic.

**TOPIC NO. 13:**          The e-mail systems, electronic data storage systems, and text

messaging services used by OnePoint from 2007 to 2019, including the identity of the e-mail service providers, the existence of physical or cloud-based backups, and the deletion or destruction of OnePoint's e-mails and text messages.

>    **OBJECTION:**     OnePoint objects to this topic because it is overly broad, unduly burdensome, harassing, and argumentative.  OnePoint further objects to this topic as overbroad as it seeks information outside of the applicable statute of limitations.

>    **RESPONSE**:     Subject to, and without waiving the foregoing Objections, OnePoint will make one or more witnesses available to testify on this topic.

**TOPIC NO. 14:**     The e-mail systems, electronic data storage systems, and text messaging services used by Abraham Joseph from 2007 to 2019, including the identity of the e-mail service providers, the existence of physical or cloud-based backups, and the deletion or destruction of Mr. Joseph's e-mails and text messages.

>    **OBJECTION:**     OnePoint objects to this topic as improper for a Rule 30(b)(6) deposition because it does not seek testimony of the knowledge of OnePoint, but rather the perceptions and knowledge of various individuals. OnePoint further objects to this topic because it is overly broad, unduly burdensome, cumulative, harassing, and argumentative.  OnePoint further objects to this topic as overbroad because it seeks information outside the applicable statute of limitations.

>    **RESPONSE**:     Subject to, and without waiving the foregoing Objections, OnePoint will make one or more witnesses available to testify on this topic.

**TOPIC NO. 15:**     All the steps taken by OnePoint to preserve electronic data and physical documents, including e-mails, following TIC's filing of the Complaint in October 2019, TIC's interview of Mr. Joseph in December 2019, and the filing of TIC's Amended Complaint against OnePoint and Mr. Joseph in February 2020.

>    **OBJECTION:**     OnePoint objects to this topic to the extent it seeks information protected by the attorney-client communication and work product privileges.

>    **RESPONSE:**     Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on non-privileged information in this topic.

**TOPIC NO. 16:**     All the electronic data and physical documents, including e-mails, that OnePoint and/or Mr. Joseph destroyed following TIC's filing of the Complaint in October 2019, TIC's interview of Mr. Joseph in December 2019, and the filing of TIC's Amended Complaint against OnePoint and Mr. Joseph in February 2020.

> **OBJECTION:**     OnePoint objects to this topic because it is not designed to elicit testimony relevant to any party's claims or defenses. OnePoint further objects to this Topic because it is overly broad, unduly burdensome, harassing, and argumentative.

> **RESPONSE**:     Subject to, and without waiving the foregoing Objections, OnePoint will make one or more witnesses available to testify on this topic.

**TOPIC NO. 17:**     All the steps taken by OnePoint, Abraham Joseph, and their agents, including counsel, to search for, collect, and review electronically stored documents and physical documents potentially responsive to TIC's Requests for Production issued to OnePoint and Abraham Joseph. This will include: (1) the volume of documents collected, (2) the document review methodology to identify responsive documents, (3) instructions given to Defendants' e-discovery vendor, (4) the elimination of non-responsive documents, and (5) the keywords used for the document review.

> **OBJECTION:**     OnePoint objects to the extent the topic calls for information protected by the attorney-work product and attorney-client privileges. OnePoint objects to this topic because it is not designed to elicit testimony relevant to any party's claims or defenses. OnePoint further objects to this topic as it is vague because "document review methodology" is not defined. OnePoint further objects to this topic because it is overly broad, unduly burdensome, harassing, and argumentative. OnePoint further objects to this topic because it is overly broad and unduly burdensome in that it seeks information that is 13 years old and outside the applicable statute of limitations.

> **RESPONSE**:     Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on the non-privileged information pertaining to OnePoint's efforts to search for, collect, and review electronically stored and physical documents potentially responsive to TIC's Requests for Production issued to OnePoint and Abraham Joseph, including (1) the volume of documents collected, and (2) the document review methodology to identify responsive documents.

**TOPIC NO. 18:**     An explanation for why OnePoint and Mr. Joseph produced just 199 e-

mails for a time period spanning 2007 to 2019, including just 20 emails with Pablo D'Agostino.

**OBJECTION:**        OnePoint objects to this topic because it is not designed to elicit testimony relevant to any party's claims or defenses.  OnePoint further objects to this topic because it is harassing, and argumentative.  OnePoint further objects to this topic as overly broad because it seeks information that is nearly 13 years old and outside the applicable statute of limitations.

**RESPONSE**:        Subject to, and without waiving the foregoing Objections, OnePoint will make available one or more witnesses available to testify on this topic.

**TOPIC NO. 19:**        The creation of invoices from OnePoint to TIC for the services of electricians provided by Electrical & Mechanical Solutions, L.L.C. ("EMS"), including the markups and profit margins applied to EMS's invoices and the padding of regular and overtime hours by adding thousands of fictious hours to its invoices to TIC not found on EMS's invoices.  Pay particular attention to PO Number 906055, although we may ask questions about other journeyman electrician invoices.

**OBJECTION:**        OnePoint objects to this topic as overly broad and unduly burdensome to the extent it seeks information outside the applicable statute of limitations. OnePoint further objects to this topic to the extent it seeks information that is outside the knowledge of a fact witness. OnePoint further objects to this topic because the terms "padding" and "fictious" are vague and harassing.

**RESPONSE:**        Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic.

**TOPIC NO. 20:**        The creation of invoices from OnePoint to TIC for the services of electricians provided by Telios to create an Electrical One Line Diagram, including the markups and profit margins applied to Telios's invoices and the padding of regular and overtime hours by adding thousands of fictious hours to its invoices to TIC not found on Telios's invoices.  Pay particular attention to PO Numbers 901027, 902443, 903426, and 903554, although we may ask questions about other journeyman electrician invoices.

**OBJECTION:**        OnePoint objects to this topic as overly broad and unduly burdensome to the extent it seeks information outside the applicable statute of limitations. OnePoint further objects to this topic to the extent it seeks information that is outside the knowledge of a fact witness. OnePoint further objects to this topic because the terms "padding" and "fictious" are vague and harassing.

**RESPONSE:**          Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic.

**TOPIC NO. 21:**          The actual work performed by journeymen electricians that OnePoint provided to TIC, including a description of the details of the work actually done by the electricians for each invoice submitted that is not evident on the face of the invoice.

**OBJECTION:**          OnePoint objects to this topic as overbroad as it seeks information outside of applicable statute of limitations. OnePoint further objects to this topic because it is unduly burdensome, cumulative, and seeks information that is equally available to Plaintiff.

**RESPONSE**:          Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic for the years 2015-2019.

**TOPIC NO. 22:**          OnePoint's invoicing and collection of sales taxes from TIC for construction, maintenance, and electrician work, including the amounts remitted to the State of Texas and local authorities, if any, each year from 2007 to 2019 for TIC-related work. Pay particular attention to the collection of sales taxes for the journeymen electricians from TIC and the payment of sales taxes to the State of Texas and local authorities.

**OBJECTION:**          OnePoint objects to this topic as overbroad as it seeks information outside the applicable statute of limitations. OnePoint further objects to this Topic because it is not designed to elicit testimony relevant to any party's claims or defenses.

**RESPONSE**:          Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic for the years 2015-2019.

**TOPIC NO. 23:**          The total amounts invoiced to and paid by TIC for work done by OnePoint on an annual basis from 2007 to 2019.

**OBJECTION:**          OnePoint objects to this topic because TIC has equal knowledge of this information. OnePoint further objects to this topic as overbroad to the extent it seeks information outside of the applicable statute of limitations.

**RESPONSE**:          Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic for the

years 2015-2019.

**TOPIC NO. 24:**    All complaints that OnePoint and/or Abraham Joseph made to TIC management about Pablo D'Agostino and his conduct, including complaints that D'Agostino made demands for payment from OnePoint.

> **OBJECTION:**    OnePoint objects to this topic as not designed to elicit testimony relevant to any party's claims or defenses.  OnePoint further objects to this topic because it is harassing, argumentative, and seeks information of which TIC has equal knowledge. OnePoint further objects to this topic because it is vague, as the term "conduct" is not defined.

> **RESPONSE**:    Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic.

**TOPIC NO. 25:**    Identification of all TIC employees that OnePoint informed about: (1) payments and gifts OnePoint was making to Pablo D'Agostino, (2) placing Pablo D'Agostino on OnePoint's payroll, (3) OnePoint's submission of bids in the name of other companies, (4) OnePoint's inflated profit margins on work it did for TIC, and (5) OnePoint's padding of hours for journeymen electricians. This request includes a description of all conversations describing this conduct with TIC employees.

> **OBJECTION:**    OnePoint objects to this topic because the terms "inflated profit margins" and "padding of hours" are vague, conclusory, harassing, and argumentative. OnePoint further objects to this topic as overly broad and unduly burdensome to the extent it seeks information that is outside the applicable statute of limitations.  OnePoint further objects to this topic to the extent it seeks information that is outside the knowledge of a fact witness.

> **RESPONSE:**    Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify regarding identification of all TIC employees that OnePoint informed about: (1) payments and gifts OnePoint was making to Pablo D'Agostino, (2) placing Pablo D'Agostino on OnePoint's payroll, and (3) OnePoint's submission of bids in the name of other companies.

**TOPIC NO. 26:**    Identification  of all individuals outside of TIC that have any knowledge that OnePoint was doing any of the following:  (1) making payments to Pablo D'Agostino, (2) placing Pablo D'Agostino on OnePoint's payroll, (3) submitting  bids in the name of other companies for TIC

projects, (4) overcharging TIC for work, and (5) padding of hours for journeymen electricians.  This request includes a description of all conversations concerning this conduct with such individuals, including the owners or employees of A&A Premier, Millenium Performance, the Atkins Group, KIT Construction Services, Inc., and KIT Professionals, Inc.

**OBJECTION:**     OnePoint objects to this topic as improper for a Rule 30(b)(6) deposition because it does not seek testimony of the knowledge of OnePoint, but rather the perceptions and knowledge of various individuals. OnePoint further objects to this topic because the terms "overcharging" and "padding of hours" are vague, conclusory, harassing, and argumentative. OnePoint further objects to this topic as overly broad and unduly burdensome to the extent it seeks information that is outside the applicable statute of limitations.  OnePoint further objects to this topic to the extent it seeks information that is outside the knowledge of a fact witness.

**RESPONSE**:     Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify regarding the identification   of all individuals outside of TIC that have any knowledge that OnePoint was doing any of the following:  (1) making payments to Pablo D'Agostino, (2) placing Pablo D'Agostino on OnePoint's payroll, and (3) submitting  bids in the name of other companies for TIC projects.

**TOPIC NO. 27:**     When OnePoint first  became aware of TIC's lawsuit against Sudhakar Kalaga and Pablo D'Agostino.

**RESPONSE:**     Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic.

**TOPIC NO. 28:**     Conversations OnePoint and/or Abraham Joseph had regarding TIC's lawsuit outside the presence of counsel, including conversations with Pablo D'Agostino, Sudhakar Kalaga, Ashley Tucker, and the owners of A&A Premier, Millenium Performance, and the Atkins Group.

**RESPONSE:**     Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic.

**TOPIC NO. 29:**     Pablo D'Agostino and/or Sudhakar Kalaga's instruction or direction to OnePoint to submit bids for projects between 2011 and 2019 at a particular price.

**OBJECTION:**     OnePoint objects to this topic as overbroad to the extent it seeks information outside the applicable statute of limitations.  OnePoint further objects to this topic as vague and ambiguous.

14

**RESPONSE**:        Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic.

**TOPIC NO. 30:**        Bids submitted to TIC by OnePoint from 2011 to 2019, including:

| Winner | Fake Bidders | Requisition Date | PO# | Amount (USD) |
|---|---|---|---|---|
| KIT | V2V, OnePoint | 21-Nov-2011 | 906748 | 601,825.00 |
| KIT | V2V, OnePoint, A&A | 7-Oct-2013 | 950527 | 550,000.00 |
| KIT | V2V, OnePoint, A&A Premier, Reytec | 29-Jan-2015 | 951184 | 1,680,000.00 |
| KIT | V2V, PRV, Redwood Builders, OnePoint | 20-Apr-2017 | 7018425 | 4,550,825.00 |
| KIT | V2V, OnePoint | 17-Sep-2018 | 7045528 | 32,450.00 |
| KIT | V2V, OnePoint | 17-Sep-2018 | 7045529 | 41,550.00 |

**OBJECTION:**        OnePoint objects to this topic as overbroad to the extent it seeks information outside the applicable statute of limitations.

**RESPONSE**:        Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic.

**TOPIC NO. 31:**        OnePoint's overall corporate structure, including the shareholders, officers, directors, and the existence of any corporate parents, subsidiaries, or affiliates.

**OBJECTION:**        OnePoint objects to this topic because it is overly broad. OnePoint further objects to this topic to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of relevant information. OnePoint further objects to this topic because it is harassing.

**RESPONSE:**        Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic.

**TOPIC NO. 32:**        The nature of the work performed by OnePoint, including pre-construction, construction and engineering services for outpatient facilities, office spaces, and cardiac rehab, as shown on its website.

**OBJECTION:**        OnePoint objects to this topic because it is overly broad, harassing, and seeks information that is not relevant or reasonably calculated to lead to the discovery of relevant information.

**RESPONSE:**        Subject to, and without waiving the foregoing Objections, OnePoint will not present a witness to testify on this topic.

**TOPIC NO. 33:**        The clients that OnePoint has worked for, including those identified on

its website for clinics, Toshiba, Methodist Hospital, and Memorial Hermann Hospital.

**OBJECTION:**        OnePoint objects to this topic because it is overly broad, harassing, and seeks information that is not relevant or reasonably calculated to lead to the discovery of relevant information.

**RESPONSE:**        Subject to, and without waiving the foregoing Objections, OnePoint will not present a witness to testify on this topic.

**TOPIC NO. 34:**        The identification of OnePoint employees responsible for preparing

bids, hiring subcontractors, and performing construction and maintenance work for TIC projects.

**OBJECTION:**        OnePoint objects to this topic as overbroad as it seeks information outside of the applicable statute of limitations.  OnePoint further objects to this topic to the extent that it is not designed to elicit testimony relevant to any party's claims or defenses.

**RESPONSE**:        Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic.

**TOPIC NO. 35:**        The identity of the subcontractors used by OnePoint to complete work at

TIC's facilities for each purchase order issued to OnePoint.

**OBJECTION:**        OnePoint objects to this topic as overbroad and unduly burdensome to the extent it seeks information outside of the applicable statute of limitations.  OnePoint further objects to this topic to the extent that it is not designed to elicit testimony relevant to any party's claims or defenses.  OnePoint further objects to this topic because it is harassing and seeks information that is equally available to Plaintiff.

**RESPONSES**:        Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic.

**TOPIC NO. 36:**        OnePoint's work, pricing, bidding, and profit margins for the following

projects:

| PO# | OnePoint JOB# | PROJECT DESCRIPTION |
|---|---|---|
| 900757 | 512-07 | Seal/Caulk around Exterior Glass Windows |
| 901178 | 609-07 | Control Plant Expansion Phase 1 |
| 901711 | 762-08 | Control Plant Expansion Phase 2 |
| 901762 | 821-08 | Control Plant Expansion Electrical Upgrades |
| 902826 | 1043-08 | Build retaining wall, steps and sidewalk |
| 902846 | 1044-09 | |
| 903918 | 1275-09 | PEP Roof Decking Repair |
| 904616 | 1410-10 | Roof replacements Phase 2 |
| 905234 | 1410-10 | Roof replacements Phase 3 |
| 905975 | 1410-10 | Roof replacements Phase 4 |
| 906027 | 1410-10 | Roof replacements Phase 5 |
| 905689 | 1553-10 | HEV Renovation |
| 902548 | 990-08 | Roof Repair to Corporate Residences |
| 902696 | 1021-08 | Upgraded Drainage |
| 902575 | 994-08 | Roof Decking |
| 902766 | 1023-08 | Chain Link Fence |
| | 4255-18 | Okanella Warehouse Storage Racks |

**OBJECTION:**        OnePoint objects to this topic as overly broad, vague, and ambiguous because it fails to define "work," "pricing," and "profit margins." OnePoint further objects to this topic to the extent it seeks information concerning events occurring outside of the applicable statute of limitations.  OnePoint further objects to this topic because it is cumulative of other discovery requests and seeks information that is equally available to Plaintiff.

**RESPONSE**:        Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic as understood.

**TOPIC NO. 37:**        The  method(s)  used  by  OnePoint  to  calculate  the  amounts  to  bid or charge TIC for maintenance, construction, and electrical work.

**OBJECTION:**        OnePoint objects to this topic because it seeks information that is not relevant or reasonably calculated to lead to the discovery of relevant information. OnePoint further objects to this topic because it is overly broad and seeks information that is outside the applicable statute of limitations.  OnePoint further objects to this topic because it is harassing and seeks confidential, proprietary information.

**RESPONSE:**        Subject to, and without waiving the foregoing Objections, OnePoint will not make any witness available to testify on this topic.

**TOPIC NO. 38:**        The amount of profit earned by OnePoint on each purchase order issued

by TIC and on an annual basis from TIC.

**OBJECTION:**        OnePoint objects to this topic as overbroad because it seeks information concerning events occurring outside of the applicable statute of limitations.  OnePoint objects to this topic because it seeks information that is not relevant or reasonably calculated to lead to the discovery of relevant information. OnePoint further objects to this topic because it is harassing and seeks confidential, proprietary information.

**RESPONSE**:        Subject to, and without waiving the foregoing Objections, OnePoint will not make any witnesses available to testify on this topic.

**TOPIC NO. 39:**        The relationship between Abraham Joseph and Pablo  D'Agostino,

including conversations between them.

**OBJECTION:**        OnePoint objects to this topic as overbroad to the extent it seeks information outside of the applicable statute of limitations.  OnePoint, Inc. further objects to this Topic as vague and ambiguous.

**RESPONSE**:        Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic as understood.

**TOPIC NO. 40:**        The introduction of Pablo D'Agostino to Sudhakar Kalaga.

**OBJECTION:**        OnePoint objects to this topic because it is vague and ambiguous.  OnePoint further objects to this topic because it is overly broad in that it seeks information outside of the applicable statute of limitations.

**RESPONSE:**        Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic as understood.

**TOPIC NO. 41:**        OnePoint's coordination with Sudhakar Kalaga to submit a fake bid

under the name of V2V Solutions through Vinod Vemparala in November 2010 as alleged in Paragraphs

50-53 of the Amended Complaint.

**OBJECTION:**        OnePoint objects to this topic as overly broad, vague, and ambiguous because it fails to define "coordination." OnePoint further objects to

this topic to the extent it seeks information concerning events occurring outside of the applicable statute of limitations.  OnePoint further objects to this topic because it is harassing, and argumentative.

**RESPONSE**:        Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on the nature of the relationship, if any, between OnePoint, Sudhakar Kalaga, and Vinod Vemparala in November 2010, and any bids submitted by OnePoint to TIC in November 2010.

**TOPIC NO. 42:**        Any work TIC paid OnePoint for but which it never finished.

**OBJECTION:**        OnePoint objects to this topic because it is vague and ambiguous.  OnePoint further objects to this topic because it is cumulative and unduly burdensome because it seeks information that is equally available to Plaintiff.

**RESPONSE:**        Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic as understood.

**TOPIC NO. 43:**        Presentations prepared by OnePoint for Pablo D'Agostino.

**OBJECTION:**        OnePoint objects to this topic as vague and ambiguous because it fails to define "presentations." OnePoint further objects to this topic to the extent it seeks information concerning events occurring outside of the applicable statute of limitations.  OnePoint further objects to this topic to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of relevant information.

**RESPONSE**:        Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic as understood.

**TOPIC NO. 44:**        The relationship among OnePoint, Abraham Joseph, Sudhakar Kalaga,

KIT Construction, and KIT Professionals.

**OBJECTION:**        OnePoint objects to this topic because it is vague and ambiguous because "relationship" is not defined.  OnePoint further objects to this topic because it is overly broad to the extent that it seeks information concerning events occurring outside of the applicable statute of limitations.

**RESPONSE:**        Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic as understood.

**TOPIC NO. 45:**        The bids identified in Paragraph 39 of the Amended Complaint.

**OBJECTION:**        OnePoint objects to this topic as overly broad to the extent it seeks information concerning events occurring outside of the applicable statute of limitations.

**RESPONSE**:        Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on this topic.

**TOPIC NO. 46:**        Steps taken by OnePoint to conceal its role in the fraudulent scheme alleged in the Amended Complaint, including the creation of fictitious bids and the payment of bribes to Pablo D'Agostino.

**OBJECTION:**        OnePoint objects to this topic because it is harassing and argumentative. OnePoint further objects to this topic because it is vague and ambiguous because the terms "fraudulent scheme," "fictitious bids," and "bribes" are not defined. OnePoint further objects to this topic because it is overly broad and unduly burdensome as it seeks information concerning events occurring outside of the applicable statute of limitations.

**RESPONSE:**        Subject to, and without waiving the foregoing Objections, OnePoint will not present a witness to testify on this topic.

**TOPIC NO. 47:**        Identification and background about all the OnePoint employees that worked on TIC projects, including the employees identified in OnePoint's Responses to TIC's First set of Interrogatories.

**OBJECTION:**        OnePoint objects to this topic as overbroad as it seeks information outside of the applicable statute of limitations. OnePoint further objects to this Topic because it is not designed to elicit testimony relevant to any party's claims or defenses. OnePoint further objects to this topic as vague because it fails to provide what "background about" the OnePoint employees TIC seeks through this topic. OnePoint further objects to this topic because it is cumulative of other discovery requests, harassing, and invasive of the privacy interests of individuals who are not parties to this litigation.

**RESPONSE**:        Subject to, and without waiving the foregoing Objections, OnePoint will make one or more representatives available to testify on the identification of the employees identified in OnePoint's Responses to TIC's First Set of Interrogatories.

**TOPIC NO. 48:**        In furtherance of TIC's constructive trust claim, provide the total amounts of annual distributions of profit and salary by OnePoint to its shareholders from 2007 to 2019 that

includes proceeds of payments made by TIC.

**OBJECTION:**         OnePoint objects to this topic as overbroad to the extent it seeks information concerning events occurring outside of the applicable statute of limitations.  OnePoint objects to this topic because it seeks information that is not relevant or reasonably calculated to lead to the discovery of relevant information.  OnePoint further objects to this topic because it seeks information that is confidential and proprietary.

**RESPONSE**:         Subject to, and without waiving the foregoing Objections, OnePoint will not make any witnesses available to testify on this topic.

**TOPIC NO. 49:**         Annual revenue and profit figures for OnePoint from 2007 to 2019.

**OBJECTION:**         OnePoint objects to this topic as overbroad to the extent it seeks information concerning events occurring outside of the applicable statute of limitations.  OnePoint further objects to this topic because it seeks information that is not relevant or reasonably calculated to lead to the discovery of relevant information.  OnePoint further objects to this topic because it seeks information that is confidential and proprietary.

**RESPONSE:**         Subject to, and without waiving, the foregoing Objections, OnePoint will not make any witnesses available to testify on this topic.

**TOPIC NO. 50:**         The identification, location, last known address, telephone number, and

e-mail address of any person having or believed to have any documents or other electronic or non-

electronic files regarding the topics or facts underlying these topics.

**OBJECTION:**         OnePoint objects to this topic because it is overly broad and unduly burdensome.  OnePoint further objects to this topic because it seeks information that is not relevant or reasonably calculated to lead to the discovery of relevant information.  OnePoint further objects to this topic to the extent it seeks information concerning events occurring outside the applicable statute of limitations.

**RESPONSE:**         Subject to, and without waiving the foregoing Objections, OnePoint will not present a witness on this topic.

Dated: December 9, 2020                    Respectfully Submitted,

                              DANIELS & TREDENNICK, PLLC


                              By:  /s/ John F. Luman III
                                   John F. Luman III

State Bar No. 00794199
luman@dtlawyers.com
Douglas A. Daniels
State Bar No. 00793579
doug.daniels@dtlawyers.com
Sarah J. Ring
Texas Bar No. 24056213
sarah@dtlawyers.com
6363 Woodway Dr., Suite 700
Houston, Texas 77057
Telephone: (713) 917-0024
Facsimile: (713) 917-0026

**ATTORNEYS FOR DEFENDANTS ABRAHAM
JOSEPH and ONEPOINT, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was electronically served by e-mail upon all counsel of record on December 9, 2020:

/s /John F. Luman III
John F. Luman III