# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TOSHIBA INTERNATIONAL CORPORATION,** | §<br>§<br>§<br>§ | |
| *Plaintiff* | §<br>§ | **NO. 4:19-CV-04274** |
| **V.** | §<br>§<br>§ | |
| **VINOD VEMPARALA, an individual, V2V SOLUTIONS, LLC, PD RENTALS, LLC, AND JANUARY 22 1992, LLC** | §<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants.* | §<br>§ | |

## <u>DEFENDANTS VINOD VEMPARALA AND V2V SOLUTIONS, LLC'S AMENDED ANSWER</u>

The unnumbered prefatory paragraph is procedural and argumentative and does not require a response, but to the extent a response is required, the paragraph is denied.

The headings from Plaintiff's Complaint are included in this document to assist the reader in orienting portions of the Answer with the Complaint. The Headings in Plaintiff's Complaint are argumentative and do not require a response. To the extent any response is required, they are denied.

1

## I. COMPLAINT HEADING: INTRODUCTION

1.       Defendants Vemparala and V2V deny that they were part of a conspiracy or that they engaged in bribery or bid rigging. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 1.

2.       Defendants Vemparala and V2V deny that they were part of a conspiracy or that they submitted fake bids. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 2.

3.       Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation in Paragraph 3.

4.       Defendants Vemparala and V2V deny that they were part of a conspiracy or that they acted with intent to cause harm to TIC. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 4.

5.       Defendants Vemparala and V2V deny that they engaged in any of the conduct described in paragraph 5. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations concerning other defendants in paragraph 5.

6.      Defendants Vemparala and V2V deny that they engaged in any of the conduct described in paragraph 6. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations concerning other defendants in paragraph 6.

7.      Defendants Vemparala and V2V deny that they engaged in any of the conduct described in paragraph 7. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations concerning other defendants in paragraph 7.

8.      Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 8.

9.      Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 9.

10.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 10.

11.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 11.

## II.    COMPLAINT HEADING: JURISDICTION AND VENUE

12.     Defendants Vemparala and V2V deny that they violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. Defendants do not contest jurisdiction of venue.

13.     Defendants Vemparala and V2V do not contest personal jurisdiction because they had sufficient minimum contacts with the forum for the court to assert specific jurisdiction. Defendants do not understand the factual bases for the allegation that they are subject to personal jurisdiction pursuant to 18 U.S.C. § 1965, and that allegation is, therefore, denied.

14.     Defendants Vemparala and V2V admit that venue is proper without admitting any of the factual allegations.

### III.    COMPLAINT HEADING: PARTIES

15.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 15.

16.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 16.

17.     Defendants Vemparala and V2V admit that Sudhakar Kalaga was affiliated with Kit Construction and KIT Professionals and that he lived in Sugar Land, Texas. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 17.

18.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 18.

19.     Defendants Vemparala and V2V admit that Kit Construction did business in Texas and that Sudhakar Kalaga was affiliated with KIT Construction.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 19.

20.     Defendants Vemparala and V2V admit that Kit Professionals did business in Texas and that Sudhakar Kalaga was affiliated with KIT Professionals. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 20.

21.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 21.

22.      Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 22.

23.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 23.

24.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 24.

25.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 25.

26.     Defendants Vemparala and V2V admit that v2v submitted bids to TIC and that V2V intended to use KIT Construction and/or KIT Professionals as a subcontractor on those bids so obtained information from its prospective subcontractors about what the subcontractor would charge for the work. Vemparala

and V2V admit that Vemparala traveled to Houston and met with D'Agostino as well as others. Vemparala and V2V admit that Vemparala lives in Pepper Pike, Ohio and that he is an agent of V2V. Vemparala and V2V deny the remainder of the paragraph including the allegation that they participated in a fraudulent scheme.

27.     Defendants admit the allegations in paragraph 27.

28.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 28.

29.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 29.

## IV.    COMPLAINT HEADING: FACTUAL ALLEGATIONS

### A.   COMPLAINT HEADING: TIC Hires D'Agostino as its Facilities Manager in 2007

30.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 30.

31.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 31.

### B.   COMPLAINT HEADING: D'Agostino Begins the Bribery and Bid Rigging Scheme with Abraham Joseph and OnePoint, Inc.

32.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 32.

33.      Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 33.

34.      Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 34.

35.      Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 35.

36.       Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 36.

37.      Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 37.

38.      Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 38.

39.      Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 39.

40.      Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 40.

41.      Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 41.

42.      Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 42.

43.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 43.

44.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 44.

45.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 45.

C.  **COMPLAINT HEADING: Abraham Joseph Introduces Sudhakar Kalaga to Pablo D'Agostino**

46.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 46.

47.     Vemparala and V2V admit the first and second sentence. Defendants are without sufficient knowledge or information to form a belief as to the truth of the final sentence in paragraph 47.

48.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 48.

49.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 49.

50.     Defendants Vemparala and V2V deny that they participated in submitting any fake bid. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation regarding a conspiracy between

Joseph and Kalaga.

51.      Defendants admit the allegations in paragraph 51.

52.      Defendants admit the allegations in paragraph 52.

53.      Defendants Vemparala and V2V deny that they submitted a fake bid. Defendants Vemparala and V2V further deny that they submitted bids at the "direction" of Joseph and Kalaga. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding communications between Joseph and Kalaga.

54.      Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 54.

55.      Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 55.

56.      Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 56.

57.      Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 57.

### D.  COMPLAINT HEADING: KIT Professionals and KIT Construction Continue the Bribery and Bid Rigging Scheme at TIC

58.      Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 58.

59.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 59.

60.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 60.

61.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 61.

62.     Defendants Vemparala and V2V deny that they submitted any fake bids and deny that any bids were from fictitious construction companies. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 62.

63.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 63.

### E.  COMPLAINT HEADING: Role of Vinod Vemparala and V2V Solutions

64.     Defendants Vemparala and V2V admit that Vemparala has lived in Ohio since 2010 and that he primarily works in Ohio. Defendants Vemparala and V2V deny the remainder of the allegations.

65.     Defendants Vemparala and V2V admit Vemparala and Kalaga met in college in India and were friends at the time of the facts at issue in this case. Defendants further admit that Kalaga introduced Vemparala to D'Agostino and Vemparala has met

in person with D'Agostino, but defendants deny that they met several times.

66.     Defendants Vemparala and V2V state that V2V's presence in Houston has been limited to Vemparala traveling to Houston and maintaining a PO Box. Defendants Vemparala and V2V admit that the submitted bids for TIC construction projects but deny that they did so at the "direction" of Kalaga.

67.     Defendants deny the allegations in paragraph 67.

68.     Defendants state that Sermeg was a registered dba and that Vemparala submitted bids on behalf of Sermeg. Defendants admit that the address for Sermeg was Vemparala's sister's address and that he used his father's name in connection with the bids.  Defendants deny the remainder of paragraph 68.

69.     Defendants admit the allegations in paragraph 69.

70.     Defendants Vemparala and V2V admit that the PO Box was opened at the suggestion of TIC's employee D'Agostino. The remainder of the paragraph is argumentative and speculative so does not require a response.

71.     Defendants Vemparala and V2V believe that this paragraph is unreasonably compound because it incorporates the allegations of seven paragraphs. To the extent a response is required, Defendants deny the all-encompassing conclusion in this paragraph.

72.     Defendants deny the allegations in paragraph 72.

### F.   COMPLAINT HEADING: Sudhakar Kalaga, Vinod Vemparala, Chetan Vyas, and Jaya Kalaga Conspired to Submit Fake Bids to TIC

73.      Defendants Vemparala and V2V deny that they participated in a fraud or submitted fake bids. Defendants further state that this paragraph is so compound and involves the actions and knowledge of people other than defendants so that no response is possible.  To the extent that a response is required Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in this paragraph.

74.      Defendants Vemparala and V2V admit that Sermeg and V2V submitted bids and that the Sermeg bid included a signature of V. N. Murthy. Defendants deny that they participated in a fraud. Defendants are without sufficient knowledge to admit or deny the allegations relating to a KIT Construction bid and are without sufficient knowledge to admit or deny whether other bids were solicited.

75.      Defendants Vemparala and V2V admit that Kalaga sent the described email. Defendants deny that they planned for the work to be awarded to KIT Construction.  Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations in the paragraph.

76.      Defendants Vemparala and V2V deny that V2V was a fake bidder when bids were submitted by them or with their knowledge.  Defendants further admit that neither V2V nor Sermeg were ever selected as a winning bidder.

Defendants believe that Kalaga submitted bids using V2V letterhead without V2V's knowledge. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations in the paragraph.

77.     Defendants admit that they submitted bids to TIC in connection with some of the projects listed in the table included in this paragraph, but deny that TIC awarded projects to KIT in reliance on any such bids.  Defendants deny that the bids they submitted were "fake" and that they were "Fake Bidders" as reflected in the table, when bids were submitted by them or with their knowledge.   Defendants believe that Kalaga submitted bids to TIC in connection with many of the projects listed in the table using V2V and Sermeg letterhead without their knowledge. Defendants note that one line item in Plaintiff's chart does not even reflect a bid by V2V or Sermeg. Plaintiff's chart indicates that the July 2, 2012 alleged bids were submitted by "SER" and "Reytec." Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in the paragraph. Defendants note that one line item in Plaintiff's chart does not even reflect a bid that Plaintiff claims was made by V2V or Sermeg. Plaintiff's chart indicates that the July 2, 2012 alleged bids were submitted by "SER" and "Reytec." Defendants believe that SER refers to SER Construction Partners, Ltd., which is described in paragraph 81 of Plaintiff's Amended Complaint.

78.     Defendants Vemparala and V2V deny that V2V was a fake bidder when bids were submitted by them or with their knowledge.  Defendants deny that Kalaga provided Vemparala with KIT Construction bids to TIC and that Defendants ever intended to ensure that KIT Construction would be the lowest bidder. Defendants admit that they allowed Kalaga to submit bids on their behalf in limited circumstances. Defendants deny that the intent was to ensure that KIT Construction would be the lowest bidder.

79.     Defendants Vemparala and V2V deny that they submitted fake bids. Defendants admit that V2V received checks from KIT Construction but denies that the purpose was as described in this paragraph.

80.     Defendants Vemparala and V2V deny that they submitted fake bids. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations in the paragraph.

81.     Defendants Vemparala and V2V deny that they submitted fake bids. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations in the paragraph.

82.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 82.

83.     Defendants Vemparala and V2V deny that they participated in the bid rigging fraud scheme. Defendant is without sufficient knowledge or information to form

a belief as to the remaining allegations in the paragraph.

84.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 84.

85.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 85.

### G.  COMPLAINT HEADING: The Role of LSI, KIT's General Contractor, the Company that Actually Performed the Work at TIC

86.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 86.

87.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 87.

88.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 88.

89.     Defendants Vemparala and V2V deny that they participated in a fraudulent scheme. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations in the paragraph.

90.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 90.

91.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 91.

92.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 92.

93.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 93.

**H.  COMPLAINT HEADING: KIT Performed Unnecessary Work and Was Paid for Work that Was Never Completed**

94.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 94.

95.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 95.

96.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 96.

97.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 97.

98.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 98.

99.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 99.

100.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 100.

101.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 101.

102.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 102.

103.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 103.

## I.     COMPLAINT HEADING: D'Agostino is Paid Lavish Bribes by Sudhakar Kalaga, Jaya Kalaga, KIT Construction, KIT Professionals, SKBP, and SVSRK

104.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 104.

### a.     COMPLAINT HEADING: Kalaga Transfers Millions of Dollars in Real Estate to D'Agostino

105.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 105.

106.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 106.

107.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 107.

108.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 108.

109.    Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 109.

110.    Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 110.

111.    Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 111.

112.    Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 112.

113.    Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 113.

114.    Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 114.

115.    Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 115.

    **b.**    **COMPLAINT HEADING: Jaya and Sudhakar Kalaga Pay Over $5 Million in Cash Bribes to D'Agostino**

116.    Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 116.

117.    Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 117.

118.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 118.

119.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 119.

120.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 120.

121.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 121.

    **c.**     **COMPLAINT HEADING: Kalaga Buys Luxury Goods for D'Agostino**

122.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 122.

123.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 123.

124.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 124.

125.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 125.

126.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 126.

127.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 127.

128.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 128.

129.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 129.

130.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 130.

131.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 131.

132.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 132.

133.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 133.

134.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 134.

**d.     COMPLAINT HEADING: Kalaga Buys Silver Bars for D'Agostino**

135.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 135.

136.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 136.

137.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 137.

138.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 138.

139.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 139.

140.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 140.

141.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 141.

### J.   COMPLAINT HEADING: Defendants' Violation of TIC Policies and Efforts to Conceal Their Fraud

142.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 142.

143.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 143.

144.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph144.

145.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph145.

146.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 146.

147.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 147.

### K. COMPLAINT HEADING: Kalaga and D'Agostino Get Overconfident and Try to Defraud an Insurance Company

148.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 148.

149.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 149.

150.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 150.

151.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 151.

### L. COMPLAINT HEADING: Kalaga Takes the Fifth

152.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 152.

153.    Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph153.

154.    Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 154.

155.    This is a procedural argument and does not require a response.  To the extent that a response is required, Defendants Vemparala and V2V deny that TIC is entitled to an adverse inference with regard to TIC's claims against Defendants Vemparala and V2V.

## FIRST CAUSE OFACTION
VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT
(Against All Defendants)

156.    Defendants Vemparala and V2V incorporate by reference their responses to the foregoing paragraphs 1-155 in their entirety as though fully set forth here.

157.    Defendants Vemparala and V2V deny that their actions violated 18 U.S.C. § 1962(c).

158.    Defendants admit the allegations in paragraph 158.

159.    Defendants Vemparala and V2V deny that they joined or otherwise participated in an enterprise to unlawfully obtain TIC contracts. Defendant is without sufficient knowledge or information to form a belief as to the allegations in the paragraph with regard to other defendants.

160.     Defendants Vemparala and V2V deny that they joined or otherwise participated in an enterprise to unlawfully obtain TIC contracts. Defendant is without sufficient knowledge or information to form a belief as to the allegations in the paragraph with regard to other defendants.

161.     Defendants Vemparala and V2V admit that they submitted bids to D'Agostino but deny that they did so for any improper purpose. Defendant is without sufficient knowledge or information to form a belief as to the allegations in the paragraph with regard to other defendants.

162.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 162.

163.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 163.

164.     Defendants deny the allegations in paragraph 164.

165.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 165.

166.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 166.

167.     Defendants Vemparala and V2V deny the allegations of this paragraph with regard to them. Defendant is without sufficient knowledge or information to form a belief as to the allegations in the paragraph with regard to other defendants.

168.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 168.

169.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 169.

170.     Defendants Vemparala and V2V admit that they submitted bids to TIC but deny that the bids were fraudulent. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations in the paragraph.

171.     Defendants Vemparala and V2V deny the allegations of this paragraph with regard to them. Defendant is without sufficient knowledge or information to form a belief as to the allegations in the paragraph with regard to other defendants.

172.     Defendants Vemparala and V2V deny the allegations of this paragraph with regard to them. Defendant is without sufficient knowledge or information to form a belief as to the allegations in the paragraph with regard to other defendants.

173.     Defendants Vemparala and V2V deny the allegations of this paragraph with regard to them. Defendant is without sufficient knowledge or information to form a belief as to the allegations in the paragraph with regard to other defendants.

174.     Defendants Vemparala and V2V deny the allegations of this paragraph with regard to them. Defendant is without sufficient knowledge or information to form a belief as to the allegations in the paragraph with regard to other defendants.

175.     Defendants Vemparala and V2V deny the allegations of this paragraph with regard to them. Defendant is without sufficient knowledge or information to form a belief as to the allegations in the paragraph with regard to other defendants.

176.     Defendants Vemparala and V2V deny the allegations of this paragraph with regard to them. Defendant is without sufficient knowledge or information to form a belief as to the allegations in the paragraph with regard to other defendants.

177.     Defendants Vemparala and V2V deny the allegations of this paragraph with regard to them. Defendant is without sufficient knowledge or information to form a belief as to the allegations in the paragraph with regard to other defendants.

## **SECOND CAUSE OF ACTION**
COMPLAINT HEADING: CONSPIRACY TO COMMIT RACKETEERING
(Against Defendants D'Agostino, Sudhakar Kalaga, Jaya Kalaga, Vyas, Vemparala, Joseph, KIT Construction, KIT Professionals, V2V Solutions, and OnePoint)

178.     Defendants Vemparala and V2V incorporate by reference their responses to the foregoing paragraphs 1-155 in their entirety as though fully set

forth here.

179.     Defendants Vemparala and V2V deny the allegations of this paragraph with regard to them. Defendant is without sufficient knowledge or information to form a belief as to the allegations in the paragraph with regard to other defendants.

180.     Defendants Vemparala and V2V deny the allegations of this paragraph with regard to them. Defendant is without sufficient knowledge or information to form a belief as to the allegations in the paragraph with regard to other defendants.

### THIRD CAUSE OF ACTION
COMPLAINT HEADING: CIVIL CONSPIRACY
(Against Defendants D'Agostino, Sudhakar Kalaga, Jaya Kalaga, Vyas, Vemparala, Joseph, KIT Construction, KIT Professionals, V2V Solutions, and OnePoint)

181.     TIC Defendants Vemparala and V2V incorporate by reference their responses to the foregoing paragraphs 1-155 in their entirety as though fully set forth here.

182.     Defendants Vemparala and V2V deny the allegations of this paragraph with regard to them. Defendant is without sufficient knowledge or information to form a belief as to the allegations in the paragraph with regard to other defendants.

183.     Defendants Vemparala and V2V deny the allegations of this paragraph with regard to them. Defendant is without sufficient knowledge or

information to form a belief as to the allegations in the paragraph with regard to other defendants.

184.     Defendants Vemparala and V2V deny the allegations of this paragraph with regard to them. Defendant is without sufficient knowledge or information to form a belief as to the allegations in the paragraph with regard to other defendants.

## <u>FOURTH CAUSE OF ACTION</u>
COMPLAINT HEADING: BREACH OF FIDUCIARY DUTY
(Against Defendant D'Agostino)

185.     Defendants Vemparala and V2V incorporate by reference their responses to the foregoing paragraphs 1-155 in their entirety as though fully set forth here.

186.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 186.

187.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 187.

188.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 188.

## FIFTH CAUSE OF ACTION
COMPLAINT HEADING: AIDING AND ABETTING BREACH OF
FIDUCIARY DUTY
(Against Defendants Sudhakar Kalaga, Jaya Kalaga, Joseph, KIT Construction,
KIT Professionals, and OnePoint)

189.     Defendants Vemparala and V2V incorporate by reference their responses to the foregoing paragraphs 1-155 in their entirety as though fully set forth here.

190.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 190.

191.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 191.

192.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 192.

## SIXTH CAUSE OF ACTION
COMPLAINT HEADING: CIVIL FRAUD
(Against Defendants D'Agostino, Sudhakar Kalaga, Jaya Kalaga, Vyas,
Vemparala, Joseph, KIT Construction, KIT Professionals, V2V Solutions, and
OnePoint)

193.     Defendants Vemparala and V2V incorporate by reference their responses to the foregoing paragraphs 1-155 in their entirety as though fully set forth here.

194.     Defendants Vemparala and V2V deny the allegations of this paragraph with regard to them. Defendant is without sufficient knowledge or information to form

a belief as to the allegations in the paragraph with regard to other defendants.

195.    Defendants Vemparala and V2V deny the allegations of this paragraph with regard to them. Defendant is without sufficient knowledge or information to form a belief as to the allegations in the paragraph with regard to other defendants.

## SEVENTH CAUSE OF ACTION
COMPLAINT HEADING: UNJUST ENRICHMENT
(Against Defendants D'Agostino, Sudhakar Kalaga, Jaya Kalaga, Vyas, Vemparala, Joseph, KIT Construction, KIT Professionals, and OnePoint)

196.    Defendants Vemparala and V2V incorporate by reference their responses to the foregoing paragraphs 1-155 in their entirety as though fully set forth here.

197.    Defendants Vemparala and V2V deny the allegations of this paragraph with regard to them. Defendant is without sufficient knowledge or information to form a belief as to the allegations in the paragraph with regard to other defendants.

198.    Defendants Vemparala and V2V deny the allegations of this paragraph with regard to them. Defendant is without sufficient knowledge or information to form a belief as to the allegations in the paragraph with regard to other defendants.

199.    Defendants Vemparala and V2V deny the allegations of this paragraph with regard to them. Defendant is without sufficient knowledge or information to form a belief as to the allegations in the paragraph with regard to other defendants.

## **EIGHTH CAUSE OF ACTION**
COMPLAINT HEADING: CONSTRUCTIVE TRUST
(Against Defendants D'Agostino, PD Rentals, January 22 1992 LLC, Sudhakar
Kalaga, Jaya Kalaga, Joseph, KIT Construction, KIT Professionals, SVSRK,
SKBP, and OnePoint)

200.     Defendants Vemparala and V2V incorporate by reference their

responses to the foregoing paragraphs 1-155 in their entirety as though fully set

forth here.

201.     Defendants are without sufficient knowledge or information to form a

belief as to the truth of Plaintiff's allegations in paragraph 201.

202.     Defendants are without sufficient knowledge or information to form a

belief as to the truth of Plaintiff's allegations in paragraph 202.

203.     Defendants are without sufficient knowledge or information to form a

belief as to the truth of Plaintiff's allegations in paragraph 203.

204.     Defendants are without sufficient knowledge or information to form a

belief as to the truth of Plaintiff's allegations in paragraph 204.

205.     Defendants are without sufficient knowledge or information to form a

belief as to the truth of Plaintiff's allegations in paragraph 205.

206.     Defendants are without sufficient knowledge or information to form a

belief as to the truth of Plaintiff's allegations in paragraph 206.

207.     Defendants are without sufficient knowledge or information to form a

belief as to the truth of Plaintiff's allegations in paragraph 207.

208.    Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 208.

209.    Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 209.

## AFFIRMATIVE DEFENSES

210.    In further answer to the Complaint, the Vemparala Defendants assert the following defenses pursuant to Federal Rules of Civil Procedure 8(b)(1)(A) and (c):

211.    TIC has failed to state a claim for which relief can be granted.

212.    TIC's claims are barred by the applicable statute of limitations.

213.    TIC is a "claimant" under Texas CPRC section 33.011(1) and any recovery against the Vemparala Defendants is barred in whole or in part by TIC's own responsibility for its alleged losses.

214.    Pursuant to Texas CPRC chapter 33, the Vemparala Defendants request that the jury apportion fault among TIC, all other defendants, including settling defendants, and such responsible third parties that the Vemparala Defendants or any other defendant may designate in accordance with chapter 33.

215.    Any judgment based upon 18 U.S.C. § 1962(c) or 18 U.S.C § 1962(d) against the Vemparala Defendants (which the Vemparala Defendants do not concede, but expressly refute) must be reduced by (a) an amount equal to the sum of

all monies and other consideration received by TIC in its settlements with all other defendants and/or (b) the proportionate fault of TIC and the settling defendants.

216.     TIC failed to plead fraud against the Vemparala Defendants with particularity.

217.     TIC's fraud claim is barred because, among other things, TIC did justifiably rely on any purported materially false statement made by the Vemparala Defendants.

218.     TIC failed to mitigate its damages.

219.     The Vemparala Defendants acts did not proximately cause TIC any damages.  TIC's damages were caused in whole or in part by the acts and omissions of TIC, its employees, and/or other individuals or entities.

220.     TIC's claims against the Vemparala Defendants are barred by laches.

221.     TIC's quasi-contract claim against the Vemparala Defendants is barred by the existence of express contracts between TIC and the other defendants.

222.     TIC's claims are barred by the doctrines of equitable and promissory estoppel.

223.     TIC's claims are barred by waiver.

224.     TIC's claims are barred by the doctrines of unclean hands and *in pari delicto*.

225.     TIC's claims are barred by ratification.

226.     TIC's claims for punitive, treble, or exemplary damages are barred to the extent they exceed constitutional limitations.

227.     TIC's claims against the Vemparala Defendants are barred by TIC's own fraud.

## COMPLAINT HEADING: REQUEST FOR RELIEF

This is a procedural assertion and does not require a response.

## COMPLAINT HEADING: JURY DEMAND

TIC demands a trial by jury on all issues so triable.

Dated: August 26, 2021

       Respectfully Submitted,

       MOUERHUSTON PLLC

    By:  */s/ Penn C. Huston*
       Penn C. Huston
       Attorney-in-charge
       S.D. Tex. ID No. 20542
       Texas State Bar No. 00796804
       phuston@mouerhuston.com
       Jeffrey R. Elkin
       S.D. Tex. ID No. 69592
       Texas State Bar No. 06522180
       jelkin@mouerhuston.com
       349 Heights Blvd.
       Houston, TX 77007
       Telephone (832) 410-4540
       Facsimile (832) 209-8158
       *Attorneys for Defendants*
       *Vinod Vemparala*
       *and V2V Solutions, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2021, a true and correct copy of the foregoing document was served via CM/ECF on those parties registered to receive electronic notices.

*/s/ Penn C. Huston*
Penn C. Huston
